**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>WAN FANG KUANG,<br><br>          Defendant. | 2:02-cr-0674-PMP-LRL<br><br>MOTION TO DISMISS SECOND SUPERSEDING INDICTMENT (#314) |

**REPORT & RECOMMENDATION**

Defendant Wan Fang Kuang is under indictment on one count of RICO Conspiracy, a violation of 18 U.S.C. § 1962(d), one count of Money Laundering Conspiracy, a violation of 18 U.S.C. § 1956(h), one count of Conspiracy to Transport Stolen Moneys, a violation of 18 U.S.C. § 371, and three counts of Use of a Fraudulently Obtained Passport, a violation of 18 U.S.C. §§ 1542 and 2. The matter before the court is Kuang's Motion to Dismiss Second Superseding Indictment Counts Barred by Statute, U.S.C. Title 18 Chapter 213 (#314), in which she requests that the court dismiss the indictment as barred by that statute of limitations. The government filed a Response (#323). No reply was filed.

**BACKGROUND**

The charges in this case stem from an alleged scheme Kuang and others participated in to defraud the Bank of China of at least $485 million, launder the stolen money through, among other places, Hong Kong, Canada, and the United States, and to flee the People's Republic of China ("China") and immigrate to the United States by entering into sham marriages with naturalized U.S. citizens. Second Superseding Indictment (#151). The Second Superseding Indictment was returned January 31, 2006. *Id.* It alleges that the RICO conspiracy occurred from in or about 1991, to on or about October 6, 2004; the money laundering and transport of stolen moneys conspiracies occurred from

in or about 1998, to on or about October 6, 2004; and the passport fraud occurred on or about October 4, 2000, October 10, 2000, and October 2, 2001. *Id.* at ¶¶ 10, 15, 18, 23.

## DISCUSSION

Wang Fan Kuang argues that the charges should be dismissed because they relate to activity alleged to have occurred before January 30, 2001, which falls outside the five (5) year statute of limitations set forth in 18 U.S.C. § 3282(a) ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

### A. RICO Conspiracy

An indictment for RICO conspiracy "is timely if the conspiracy had not accomplished or abandoned its objectives more than five years before the date of the indictment." *United States v. Darden*, 70 F.3d 1507, 1525 (8th Cir. 1995) (citing *United States v. Rastelli*, 870 F.2d 822, 838 (2d Cir. 1989), *cert. denied*, 493 U.S. 982 (1989)). The Second Superseding Indictment alleges that the RICO conspiracy continued to on or about October 6, 2004. (SSI (#151) at ¶ 10.) Because it was returned on January 31, 2006, less than two years after the RICO conspiracy is alleged to have ceased, the Second Superseding Indictment was filed within the limitations period prescribed by § 3282(a).

### B. Money Laundering Conspiracy

The limitations period for a money laundering action brought under 18 U.S.C. § 1956(h), also five (5) years, *see United States v. LaSpina*, 299 F.3d 165, 173 (2d Cir. 2002) (citing § 3282), runs from the time the money laundering offense is complete. *United States v. Barnes*, 230 F.3d 311, 314-15 (7th Cir. 2000); *see also United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) ("Statute of limitations normally begin to run when the crime is complete.") (citation omitted). The laundering transaction is the "core" of the offense. *United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995). As alleged, the money laundering conspiracy continued to on or about October 6, 2004. Specifically, from in or about 1998 to October 6, 2004, Wang Fan Kuang and others are alleged to have:

> [C]onspired to knowingly engage and attempt to engage and cause to engage and

attempt to engage, in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than ten thousand dollars ($10,000), including, but not limited to, wire transfers, deposits, withdrawals and casino transactions, such property having been derived from a specified unlawful activity, that is, fraud, and a scheme to defraud, against a foreign bank (as defined in paragraph 7 of section 1(b) of the International Banking Act of 1978), in violation fo Title 18, United States Code, Section 1957)(a).

Second Superseding Indictment (#151) at ¶ 15.  Hence, the money laundering conspiracy charged against Kuang falls within the limitations period.

**C. Conspiracy to Transport Stolen Moneys**

An indictment charging conspiracy to transport stolen moneys in violation of 18 U.S.C. § 371 is timely filed if the defendant committed an overt act in furtherance thereof within five (5) years of filing. *United States v. Qayyum*, 451 F.3d 1214, 1218 (10th Cir. 2006) (citing § 3282); *see also Grunewald v. United States*, 353 U.S. 391, 397 (1957) ("To satisfy the statute of limitation, the prosecution must show that the conspiracy continued to exist five years prior to the indictment . . . and that at least one overt act in furtherance of the conspiratorial agreement was performed within that period."). It is alleged that from in or about 1998, to on or about October 6, 2004:

[D]efendants herein, together with persons known and unknown, knowingly and willfully conspired to transport, transmit, and transfer, and cause to be transported, transmitted and transferred, in interstate and foreign commerce, any securities and money, of value of $5,000 or more, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314.

Second Superseding Indictment (#151) at ¶ 18.

The Second Superseding Indictment goes on to allege two overt acts that occurred after January 31, 2001; namely, that Kuang and others, in furtherance of the conspiracy to transport stolen moneys, (1) deposited four (4) checks totaling approximately $2 million in the name of Kong Wa Po at the Hong Kong office of the Rio Suite Hotel and Casino on or about April 27, 2001; and (2) issued a personal check to Caesars Palace Hotel and Casino in Las Vegas, in the amount of approximately $1 million, drawn on a Bank of America checking account in the name of Hui Yat Fai, dated May 7, 2001. *Id.* at ¶ 20(d), (e). As the requisite overt acts have been alleged to be within the limitations period, the Second Superseding Indictment, with respect to the conspiracy to transport stolen moneys, is timely.

**D. Use of a Fraudulently Obtained Passport**

The limitations period for Use of a Fraudulently Obtained Passport in violation of 18 U.S.C. §§ 1542 and 2, is ten (10) years. *See* 18 U.S.C. § 3291. The passport fraud offenses are alleged to have occurred on or about October 4, 2000, October 10, 2000, and October 2, 2001, Second Superseding Indictment (#151) at ¶ 23, well within the limitations period. The charges therefore were timely filed.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that the court deny Wan Fang Kuang's Motion to Dismiss Second Superseding Indictment Counts Barred by Statute, U.S.C. Title 18 Chapter 213 (#314).

DATED this 24th day of January, 2008.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**