STEVEN W. MYHRE
Acting United States Attorney
DAVID JAFFE
Acting Chief, Organized Crime &
 Gang Section
1301 New York Avenue, NW, Suite 700
Washington, D.C. 20005
Telephone: 202-353-2373
Facsimile: 202-514-3601
MARTY WOELFLE
Trial Attorney
Attorney for the Government

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>XU CHAOFAN<br>　　(also known as YAT FAI HUI),<br>XU GUOJUN<br>　　(also known as KIT SHUN HUI),<br>KUANG WAN FANG<br>　　(also known as WENDY KUANG),<br>　　and<br>YING YI YU,<br>　　　　Defendants.<br>_____ | Case No. 2:02-cr-00674-JCM (NJK)<br><br>**RESPONSE TO DEFENDANT WAN FAN KUANG'S SENTENCING MEMORANDUM AND ORDER** |

　　The United States of America, through counsel undersigned, hereby responds to the Sentencing Memorandum filed by defendant Wan Fan Kuang on June 14, 2017 [ECF 931]. The United States concurs with the statements of defense counsel regarding defendant Kuang's immigration status, and has no objection to defense counsel's request to stay the re-sentencing of defendant Kuang until such time as she is present in the United States. Alternatively, the United States requests that the Court dismiss the restitution claim against defendant Kuang without

prejudice. Should the Court determine that dismissal is inappropriate, the United States has no objection to defense counsel's request to telephonically appear at the hearing currently scheduled on August 14, 2017, or at another time convenient to Court and counsel. A draft order of dismissal is attached for the convenience of the Court.

Dated: June 28, 2017.                    Respectfully submitted,

                                          STEVEN W. MYHRE
                                        Acting United States Attorney

                                        DAVID JAFFE
                                        Acting Chief, Organized Crime &
                                           Gang Section

                                        */s/ Marty Woelfle*
                                        MARTY WOELFLE
                                        Trial Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM**

Defendant Wan Fang Kuang was convicted of racketeering conspiracy, conspiracy to transport stolen funds, conspiracy to commit money laundering, and passport fraud, and was initially sentenced to eight years in prison on May 6, 2009 [ECF 754]. Defendant Kuang was also sentenced to 3 years of supervised release, and joint and several liability for restitution of $482,000,000.00. After appeal and remand, the District Court imposed the same sentence, but reduced the amount of restitution to $7,813,905.75 [ECF 890].

Defendant Kuang, who obtained U.S. citizenship through fraud, was de-naturalized on February 24, 2010. The defendant was found to be subject to removal from the United States in June of 2011, and her motion to reconsider was denied in August of 2011. Defendant Kuang filed a motion to reconsider, claiming that her counsel was ineffective. That motion was denied on September 28, 2011.

Defendant Kuang was deported from the United States to the People's Republic of China on September 23, 2015. The Government has been informed by the Chinese Embassy that defendant Kuang is in custody in China. Under Title 8, U.S.C. § 1182, defendant Kuang is an inadmissible alien who is not eligible to return to the United States. The United States has no intention of seeking defendant Kuang's return to the U.S. under any present circumstances.

Defendant Kuang has completed her sentence, including supervised release. The United States does not seek any additional incarceration in defendant Kuang's case. However, defendant Kuang does remain jointly and severally liable for restitution to the Bank of China, as the Court may impose at re-sentencing.

Defendant Kuang cannot be present at the sentencing hearing in this case. Defendant Kuang has not voluntarily waived her right to be present at sentencing, as provided for in Fed.R.Crim.Pro.

43. Therefore, defendant Kuang cannot be re-sentenced *in absentia.* Given this impossibility, the United States requests the Court to dismiss the restitution claim against defendant Kuang without prejudice.

The United States has considered seeking a waiver of the defendant's presence at the sentencing hearing, but the likelihood of being able to contact the defendant, assure confidential communications between the defendant and her counsel, and obtain a knowing and voluntarily waiver from the defendant is very remote. Additionally, even if a waiver were obtained and restitution ordered, the costs of executing any restitution order against the defendant would likely outweigh any possible recovery. Therefore, the United States will not seek a waiver from the defendant.

Because the defendant cannot and will not be present in the United States to appear in this case, now or in the foreseeable future, the United States requests that the Court dismiss the claim for restitution in this matter against the defendant, Wan Fan Kuang. However, because the United States cannot predict how circumstances may change in the future, the Government requests that the dismissal be without prejudice.

The United States has no objection to defense counsel's request to appear telephonically for whatever hearing the Court deems necessary.

*//*

*//*

*//*

*//*

*//*

*//*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2017, the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mario D. Valencia
Law Office of Mario D. Valencia
1055 Whitney Ranch Drive, Suite 220
Henderson, NV 89014
Counsel for defendant XU Chaofan

Amy B. Cleary
Office of the Federal Public Defender
411 E. Bonneville, Suite 250
Las Vegas, NV 89101
Counsel for defendant XU Guojun

Chad A. Bowers
The Law Office of Chad A. Bowers, Ltd.
3202 W. Charleston Blvd.
Las Vegas, NV 89102
Counsel for defendant KUANG Wan Fang

Travis E. Shetler
Travis E. Shetler, P.C.
844 East Sahara Avenue
Las Vegas, NV 89104
Counsel for defendant YU Ying Yi

    /s/ *Marty Woelfle*
Trial Attorney
Organized Crime & Gang Section

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:02-CR-674 JCM (NJK) |
| Plaintiff, | ORDER |
| v. | |
| WAN FAN KUANG, et. al., | |
| Defendants. | |

Presently before the Court is defendant Wan Fan Kuang's unopposed request to indefinitely stay the re-sentencing of the defendant in this matter (ECF 931), and the Government's response (ECF 937) alternatively requesting that the matter be dismissed without prejudice.

Defendant Kuang was convicted of RICO Conspiracy, Money Laundering Conspiracy, Conspiracy to Transport Stolen Monies and Passport Fraud on August 29, 2008 (ECF 675). Defendant Kuang was sentenced to eight years in prison, three years of supervised release, and restitution by this Court on May 6, 2009 (ECF 754), and on remand on January 15, 2015 (ECF 890). The defendant's sentence has again been vacated by the Ninth Circuit, and re-sentencing is currently scheduled for August 14, 2017.

The defendant has completed her prison sentence and supervised release. The United States is not seeking any additional incarceration or fine on re-sentencing. Therefore, the only matter remaining to be determined is the defendant's liability for restitution to the Bank of China.

Defendant Kuang was denaturalized on February 10, 2010, and deported to China on September 23, 2015, prior to the Mandate in this case being issued by the Ninth Circuit (DktEntry 115, Dec. 30, 2016). As a result of her criminal convictions and de-naturalization, the defendant is an inadmissible alien pursuant to Title 8, U.S.C. § 1182. The United States has indicated that it has no present intention of seeking the return of the defendant to the United States for any additional proceedings in this case.

Defendant Kuang cannot be present at the re-sentencing hearing in this matter, and she has not effectively and voluntarily waived her presence at the sentencing hearing. Defendant Kuang cannot therefore be sentenced *in absentia.* There is very little likelihood that the defendant will ever again be physically present in the United States. The Government has informed the Court that the defendant is currently in custody in China, awaiting prosecution for crimes she allegedly committed in China. Defense counsel states that he has had no contact with his client since her deportation in 2015. The United States has declined to seek a waiver of her physical presence in the United States for the purposes of the sentencing hearing.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Government's request that the restitution claim against defendant Wan Fan Kuang (ECF 937) be dismissed without prejudice is GRANTED.

IT IS FURTHER ORDERED that counsel for defendant Wan Fan Kuang is excused from appearance at the sentencing hearing in this matter currently scheduled for August 14, 2017.

DATED August 28, 2017.

_____
UNITED STATES DISTRICT JUDGE